**WHITE & CASE**

May 22, 2026

Application GRANTED. The Clerk of
Court is respectfully directed to terminate
the motion at Dkt. 78.

VIA ECF

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY  10007

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: June 26, 2026

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
**T** +1 212 819 8200

**whitecase.com**

RE:     *United States of America v. Max McDermott*, No. 25-cr-427 (AS) – Motion for Leave
        to File Documents Under Seal and for *In Camera* Review

Dear Judge Subramanian:

We write on behalf of Arena Investors, LP, Arena Special Opportunities Fund, LP, and Arena Origination Co. LLC (collectively, "Arena"), third-party movants in the above-referenced matter. Pursuant to Federal Rules of Criminal Procedure 49.1(d),16(d)(1),Section 12(B)-(D) of Your Honor's Individual Practices in Criminal Cases, Arena respectfully submits this letter motion for leave to file under seal Exhibits C–G of Joshua Berman's Second Declaration (ECF No. 77) for the Court's *in camera* review in connection with Arena's Motion for a Protective Order ("Arena's Motion") (ECF No. 36), and to file a redacted version of its Reply in support of Arena's Motion (ECF No. 76).

In its Opposition to Arena's Motion, Defendant again alleges that Arena intentionally waived its privilege (ECF No. 71, at 7), despite the record showing that Arena gave express instructions to Paul Hastings to preserve privilege, and Paul Hastings took reasonable steps to do so.  ECF Nos. 38, 39.  Without waiving privilege, Arena now seeks to file privileged communications under seal for *in camera* review to substantiate its claims.  The materials at issue contain privileged and confidential communications between Arena and its legal counsel, as well as between Paul Hastings and the e-discovery vendor, Epiq.

Rule 16(d)(1) of the Federal Rules of Criminal Procedure expressly authorizes this procedure.  It provides that the court may permit a party to demonstrate good cause for a protective order "by a written statement that the court will inspect *ex parte*," and directs that such statement be preserved under seal.  Fed. R. Crim. P. 16(d)(1).  The Supreme Court has likewise confirmed that *in camera* inspection is an established judicial mechanism for resolving privilege disputes without compromising the privilege itself.  *See United States v. Nixon*, 418 U.S. 683, 706 (1974); *United States v. Zolin*, 491 U.S. 554, 568–69 (1989); *see also Hartford Roman Cath. Diocesan Corp. v. Interstate Fire & Cas. Co.*, No. 3:12CV1641 JBA, 2015 WL 164069, at *3 (D. Conn. Jan. 13, 2015) ("[T]he Supreme Court 'has long held the view that *in camera* review is a highly appropriate and useful means of dealing with claims of . . . privilege.'") (quoting *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 405–06 (1976)).

May 22, 2026

**WHITE & CASE**

District Courts in this Circuit routinely permit parties to submit privileged materials for *in camera* review, and Arena's request is narrowly tailored to protect the sensitive, privileged, and confidential information in those exhibits.  *See, e.g.*, *Adelante Alabama Worker Ctr. v. United States Dep't of Homeland Sec.*, 376 F. Supp. 3d 345, 360 (S.D.N.Y. 2019) (finding that *in camera* review is acceptable because it is the "appropriate and most efficient means to resolve the parties' dispute").  Defendant has himself recently sought leave to file portions of his opposition under seal and to submit an unredacted version *ex parte* to the government in order to avoid revealing defense strategy and privileged information, ECF No. 67, underscoring that filing sensitive materials under seal and *ex parte* is already settled practice in this matter.

Accordingly, Arena respectfully requests that the Court accept and review Exhibits C–G of ECF No. 77 *in camera*, and that these documents not be disclosed to Defendant, his counsel, or the government.

Arena further requests leave to file a redacted version of its Reply in support of Arena's Motion (ECF No. 76).  The Court has already permitted similar redactions in this matter. ECF No. 59.  The proposed redactions are strictly limited to discrete sentences describing the substance of Arena's privileged attorney-client communications and confidential business information, which are protected by the Protective Order dated December 9, 2025 (ECF No. 26) and are the subject of Arena's Motion.  The redactions are narrowly tailored to protect privileged and confidential information, consistent with the presumption in favor of public access to judicial documents, referenced at Section 12(B) of Your Honor's Individual Practices in Criminal Cases.

We thank the Court for its consideration of this request.

Respectfully submitted,

WHITE & CASE LLP

By: /s/Joel M. Cohen
Joel M. Cohen
Laura Garr
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819 8849
joel.cohen@whitecase.com
lgarr@whitecase.com

cc:    All Counsel of Record (by ECF)