SHER TREMONTE LLP

August 27, 2026

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
500 Pearl Street, Courtroom 15A
New York, NY 10007

**Re:** ***United States of America v. Max McDermott*****,** No. 25-cr-427 (AS)

Dear Judge Subramanian,

We write on behalf of our client, Max McDermott, to request (1) a short extension of time to file a reply to the government's response at ECF No. 100; and (2) a 90-day adjournment of the pretrial motions schedule and trial.

The government requested that we convey its position on our pretrial motions and trial schedule adjournment request as follows: The Government does not object to the defendant's request for a 90-day adjournment of the pretrial and trial schedules in this matter because such an extension would permit the parties additional time to revise a privilege filter protocol, consistent with the Court's prior order. (Dkt. 93).

(1) Request for Short Extension of Time to Reply to ECF No. 100

We request that the Court grant the defense until Wednesday, September 2, 2026, to reply to the government's recent filing at ECF No. 100.

On August 20, 2026, we filed a letter with the Court renewing our request for an evidentiary hearing in light of information provided by the government regarding its privilege and responsiveness review of the search warrant returns for Mr. McDermott's Google account. We renewed our request for an evidentiary hearing upon learning that: the Filter Team conducted two re-reviews of materials from the Google returns that had been produced to the case team—once in response to the defense's January 23, 2026 email, and again after the defense's May 18, 2026 letter; the Filter Team made no effort to re-review the returns after the defense provided attorney names to the government on March 20 and April 15 until May 19; two case agents reviewed unfiltered returns from a search warrant for Mr. McDermott's iCloud account; and members of the case team identified privileged materials from the Desktop Search Warrant returns. *See* ECF No. 95.

The government responded at ECF No. 100. This response contains even more information regarding the government's filter and responsiveness review of search warrant returns and other electronic discovery than was previously provided in the government's August 18 letter. Moreover, we have recently received three new productions from the government's Filter Team: one received on August 20, 2026 and two received on August 25, 2026. In light of these recent developments, we require additional time to reply to the government's response for the following reasons:

- The Filter Team's second and third productions, made on August 25, 2026, were unaccompanied by any production letter or other indication of their contents. We have requested, but not yet received, clarification from the government concerning the contents of these productions.

- The three productions made by the Filter Team bear Bates numbers that do not correspond to any prior production that we have received from the government. Accordingly, we are currently unable to identify the corresponding documents in the original productions. We have requested, but not yet received, a list from the government which would allow us to make that identification.

Before we can reply to the government's most recent filing, we need to understand what the new productions contain and have an opportunity to review them. A short extension, until Wednesday, September 2, 2026, will provide sufficient time for us to gain clarity about the productions' content and review them so that we can address this new information.

(2) <u>Request for 90-Day Adjournment of Pretrial Motions and Trial Schedules</u>

We also request a 90-day adjournment of the pretrial motions and trial schedules.[1] Despite diligently reviewing the substantial discovery produced to date and litigating ongoing discovery issues, the defense requires additional time to prepare pretrial motions for the following reasons:

- **Rule 16 discovery remains outstanding.** As the government indicated in ECF No. 100, important Rule 16 discovery that may affect our pretrial motions—the responsive set of the search warrant return from Mr. McDermott's desktop computer—remains outstanding. Even if the government promptly produces those documents, the government's proposed privilege review protocol for that production, as described in ECF No. 100, would involve a multi-step process that will take more than 30 days. That proposed protocol contemplates that we will review the production for privilege issues within 30 days of receipt, after which presumably the Filter Team would review the documents we identify as privileged and the Case Team would have the opportunity to challenge our privilege designations. By the government's own proposed timeline, that process will not be complete before our September 25th deadline for pretrial motions. In addition to reviewing the outstanding production for privilege, we will need to substantively review the production for other potential pretrial motions. Without an estimated timeline for that production, or any indication of that production's size or contents, we will not have sufficient time to review all outstanding Rule 16 discovery before pretrial motions are currently due.

- **The defense's anticipated pretrial motions will depend on the resolution of the ongoing dispute concerning the government's exposure to privileged materials.** In particular, the scope of those motions will be informed by our review of the three Filter Team productions and any further information we will seek either through another court order or evidentiary hearing concerning the extent of the Case Team's exposure to Mr. McDermott's relevant, privileged documents. As discussed above, we have not yet been

[1] Pretrial motions are currently due to be filed on September 25, 2026 with briefing to be completed by November 20, 2026, and trial is tentatively scheduled to begin on March 15, 2027. *See* ECF No. 83.

able to compare the documents the Filter Team identified as potentially privileged from the responsive set of the Google Search Warrant Returns with the documents we independently identified as privileged because the Filter Team used Bates Stamps that differ from the Bates Stamps in the original productions we received. As a result, we do not yet know whether the Filter Team's productions evidence an even greater incursion into Mr. McDermott's privileged documents, or whether the Filter Team's productions simply capture privileged documents we have already identified. Depending on the clarification we receive from the government regarding the Filter Team's productions and on our review of those productions, as well as any information we may learn during a potential evidentiary hearing, we may move to inquire into the government's grand jury presentation and the evolution of the case team's theories after its exposure to privileged information, to disqualify member(s) of the case team, to suppress some or all of the returns from the Google, iCloud and desktop search warrants, and/or to dismiss the Indictment.

A 90-day adjournment of the motions schedule is necessary to allow the defense to review the outstanding Rule 16 discovery and recent Filter Team productions, allow the parties to resolve or narrow the ongoing privilege dispute, and allow the defense sufficient time to prepare pretrial motions.

Finally, a corresponding 90-day extension of the current tentative trial date of March 15, 2027 will ensure the Court has adequate time to resolve pretrial motions and conduct any necessary hearings in advance of trial.

Respectfully submitted,

*/s/ Grace Coleman*
Grace Coleman
Alexandra Conlon
Michael Tremonte
Claire Blumenthal Buck

*Attorneys for Max McDermott*

cc: All counsel of record (via ECF)

The requested extensions and request for an adjournment of trial are GRANTED. Trial will now take place on Monday, June 21, 2027, at 9:00 AM.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 101.

SO ORDERED.



Arun Subramanian, U.S.D.J.
Dated: August 28, 2026