SHER TREMONTE LLP

October 27, 2026

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
500 Pearl Street, Courtroom 15A
New York, NY 10007

**Re:** ***United States of America v. Max McDermott*****,** No. 25-cr-427 (AS)

Dear Judge Subramanian,

We write on behalf of our client, Max McDermott, to update the Court regarding our privilege review and communications with the filter team. *See* ECF No. 108. We also (1) renew our request for an order directing the government to identify the filtered subsets the filter team released to the case team for each search warrant—*i.e.*, the universe of documents the case team might actually have accessed, *see* ECF No. 93 at III.e.—and (2) request permission to submit our next status update on November 10, 2026.

## I. Our Review To Date: The Responsive Subset in the Google Returns Contains Additional Privileged Documents

Since our October 6, 2026 letter, we have provided the filter team with a second list of privileged documents from the Google Search Warrant returns. We await the filter team's corresponding spreadsheet identifying whether members of the case team viewed the documents bearing those Bates numbers and, if so, who did so and when.

We have made considerable progress in our review of the Responsive Subset of the Google Search Warrant returns, but our review is proving more time intensive than anticipated. Although many communications are between Mr. McDermott and an attorney, other requests for legal advice were facilitated by employees or agents acting on Mr. McDermott's behalf. We are prioritizing the responsive Google Search Warrant returns because they are the only materials for which the government has case team access logs, but our review of the iCloud and Desktop returns continues simultaneously.

## II. Our Review Going Forward: The Need for Clarity as to Which Documents the Case Team Might Actually Have Viewed

Since September 15, 2026—when the Court directed us and the filter team to identify, as much as possible, the case team's access to privileged documents—we have repeatedly asked the government to help expedite our review, ECF No. 105. Specifically, we have asked the government over calls, in multiple emails, and on this case's public docket to tell us which materials the filter team actually released to the case team. *See, e.g.*, ECF Nos. 106, 108. As we have explained each time, our need for this information is practical; it makes no sense for us to waste our client's resources and the parties' time reviewing materials that were never released to the case team and that its members, therefore, could never have accessed. Mr. McDermott has

already had to spend significant resources fixing the government's flawed review. The government can help make Mr. McDermott's corrective efforts as efficient as possible, and under these circumstances, it should do so.

Instead, the government has been "reviewing" our request for this information for nearly six weeks and, despite our repeated requests, refuses to clarify whether or when it will respond. Given the government's continued stonewalling, and the imminent prospect of us reviewing for privilege a potentially large volume of documents the case team never could have seen, we renew our request for an order directing the government to identify which materials the filter team released to the case team, by Bates number and for each search warrant return.

We further request permission to submit our next status update on November 10, 2026.

Respectfully submitted,

<u>*/s/ Alexandra Conlon*</u>
Alexandra Conlon
Michael Tremonte
Claire Blumenthal Buck
Grace Coleman

*Attorneys for Max McDermott*

The government should identify to the defense, on or before November 6, 2026, which materials the filter team released to the case team by Bates number and for each search warrant return.

Permission to submit the next status update on November 10, 2026 is GRANTED.

SO ORDERED.



Arun Subramanian, U.S.D.J.
Date: October 28, 2026